IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SCOTT MITCHELL,<br>Plaintiff | : | CIVIL ACTION |
| vs. | : | NO. 16-3556 |
| OFFICER EDMOND OBRIEN, et al.,<br>Defendants | : | |

FILED
SEP - 1 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

STENGEL, C. J.                                                August 31, 2017

Eric Scott Mitchell filed a prisoner complaint under the Civil Rights Act, 42 U.S.C. § 1983, against six police officers of the Bristol Township Police Department. It is difficult to decipher what claim he is bringing against these officers. Although he indicates that, at the time of filing the complaint, he was being housed at the Bucks County Prison, he also indicates that his claim did not arise while he was confined in a jail, prison, or other correctional facility. After filing an Answer to the Complaint, the officers filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Mr. Mitchell has not filed a response to the defendants' motion.[1] For the following reasons, I will grant the motion in its entirety, and enter judgment on behalf of the defendants and against Mr. Mitchell.

In his rather sparsely worded complaint, Mr. Mitchell alleges that he was arrested and charged with one count of fleeing or attempting to elude the police, two counts of

---

[1] Mr. Mitchell filed a motion for appointment of counsel which I granted. After ninety days on the Prisoner Civil Rights Panel intranet with no attorney volunteering to represent him, Mr. Mitchell informed the court that he intended to proceed with this action *pro se*.

recklessly endangering another person, and various other traffic violations. He was found "not guilty" on all counts by a "jury of his peers" on May 19, 2016. Judging by the relief Mr. Mitchell seeks,[2] I will construe this complaint as bringing a claim of § 1983 malicious prosecution against the six police officers.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if the movant clearly establishes that there are no material issues of fact, and that it is entitled to judgment as a matter of law. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Id. (quoting FED.R.CIV.P. 12(c)). In deciding a motion for judgment on the pleadings, a court considers the pleadings and exhibits attached thereto, matters of public record, and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents." Id. Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, a motion for judgment on the pleadings will be granted if a plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[2] Mr. Mitchell seeks $450,000 in damages to compensate him for the time he spent incarcerated, for the replacement of his car, for the loss of wages, for pain and suffering, and for emotional distress.

2

action will not do." Id. Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The court "may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Iqbal, 556 U.S. at 678 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice).

## III. DISCUSSION

Initially, I note that there is no allegation or evidence that four of the six police officer defendants, i.e., Officers Bertram, Frye, Rink, and Reiff, had any personal involvement in the arrest or trial of Mr. Mitchell. A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207-1208 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Id. Here, the four officers are mentioned in passing on the Bristol Township Police Department's Incident Report Form, as having responded to the motor vehicle incident involving Mr. Mitchell. There is no further mention of these officers in Mr. Mitchell's complaint or any of the documents he attached to the complaint. Accordingly, because they had no personal involvement, I will dismiss these four defendants from this action.

3

Next, in the context of Section 1983, malicious prosecution exists when a plaintiff shows that (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). To prevail, a plaintiff needs to satisfy each of these elements. Failure to satisfy even one element is fatal to the claim of malicious prosecution. Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009).

First, the complaint and its attachments show that probable cause supported the arrest of Mr. Mitchell. As the Pennsylvania Supreme Court has made clear, "an arrest based upon probable cause will be justified, regardless of whether the individual arrested was guilty or not." Renk v. City of Pittsburgh, 641 A.2d 289, 294 (Pa. 1930). The court went on to hold:

> "Probable cause exists when 'the facts and circumstances which are within the knowledge of the police officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect had committed, or is committing, a crime.'" Commonwealth v. Rodriguez, 526 Pa. 268, 273 (1991).

Renk, 641 A.2d at 294; see also Paff v. Kaltenbach, 204 F.3d 425, 433 (3d Cir. 2000).

The officers' affidavit indicates that on January 15, 2016, at approximately 2:00 p.m., Officers O'Brien and Leighton attempted to stop a white Saturn coupe operated by Mr. Mitchell, the vehicle's owner. After directing him to stop his vehicle and shut the

4

engine off, Mr. Mitchell placed the vehicle into drive and pulled away from the curb onto the roadway. The officers activated their vehicle's emergency lights and siren and began pursuing Mr. Mitchell through the streets of Levittown, Pennsylvania. Mr. Mitchell allegedly violated several traffic ordinances including speeding, crossing over the double lines into oncoming traffic, and failing to use turn signals. The affidavit further alleges that Mr. Mitchell forced several vehicles off the road, ultimately resulting in the police officers terminating their pursuit.

Magisterial District Judge Joanne V. Kline of Bucks County reviewed the affidavit and found probable cause for the arrest of Mr. Mitchell. A Magisterial District Judge is not held to a proof beyond a reasonable doubt standard, or even a preponderance of the evidence. As the United States Supreme Court held, such "[f]inely-tuned standards ... have no place in the [judge's] decision...[I]t is clear that 'only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause.'" Illinois v. Gates, 462 U.S. 213, 235 (1983). The Court also recognized that "affidavits are normally drafted by non-lawyers in the midst and haste of a criminal investigation," therefore, "[t]echnical requirements of elaborate specificity ... have no proper place in this area." Id. Accordingly, I find that Judge Kline properly determined that the affidavit was based on the facts and circumstances which were within the defendants' knowledge at the time, and that that information was sufficient to warrant a reasonable man to believe that Mr. Mitchell had committed, or was committing, the crimes for which he was charged.

Even if Mr. Mitchell attempted to challenge the warrant by asserting that the affidavit was false, he would have had to point to facts in the record to establish by a

preponderance of the evidence (1) that the defendant affiants knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause. Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000); Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) (citing Franks v. Delaware, 438 U.S. 154, 171-172 (1978). Mr. Mitchell has made no such challenge to the affidavit.

Next, I note that Police Officers Edmond O'Brien and Dennis Leighton had nothing to do with initiating the criminal proceeding against Mr. Mitchell. Instead, the prosecution of Mr. Mitchell was pursued to its conclusion by the Bucks County District Attorney's Office, not the Bristol Township Police Department. When a prosecutor elects to proceed, however, the police may still be liable for malicious prosecution only if they knowingly, or with reckless disregard for the truth, concealed exculpatory evidence from, or provided false or misleading reports to, the prosecutor, or otherwise interfered with the prosecution's ability to exercise independent judgment. Vassallo v. Timoney, 2001 U.S. Dist. LEXIS 16781 (E.D. Pa. 2001). Mr. Mitchell baldly asserts that his injuries include "loss of liberty due to officers' perjury and/or misrepresentation of facts." He provides no specific information to support this allegation.

Further, Mr. Mitchell seems to believe that because he was acquitted of the crimes for which he was charged, he is entitled to the recovery of damages. He has not alleged, and he could not allege, that there was any deficiency in the affidavit or warrant for arrest. The defendants properly stopped the dangerous pursuit that Mr. Mitchell had led

6

them on through the streets of Levittown. Instead of continuing the pursuit and possibly causing a catastrophe, the defendants sought Mr. Mitchell's arrest through a warrant based on probable cause. The decision of Judge Kline is entitled to deference, and Mr. Mitchell has identified no deficiencies in the affidavit or warrant. Thus, because Mr. Mitchell has not satisfied at least one of the elements required for a claim of Section 1983 malicious prosecution, Mr. Mitchell's claim against these police officers cannot stand as a matter of law. I will grant the motion to dismiss in its entirety.

Even if Mr. Mitchell could have established any claim under Section 1983 against these police officers, they would have been entitled to qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions are shielded from suit if their conduct did not violate a clearly established statutory or constitutional right of which a reasonable person would have known. Wilson v. Layne, 526 U.S. 603, 609 (1999); see also Pearson v. Callahan, 555 U.S. 223 (2009).

Application of qualified immunity implicates two distinct inquiries. The first evaluates whether the defendant violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001), abrogated in part by Pearson, 555 U.S. 223, 232 (2009); Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007); Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006). If the defendant did not commit a constitutional infraction, the court must dispose of the claim in the defendant's favor. Saucier, 533 U.S. at 201. If the defendant committed a constitutional violation, the second inquiry assesses whether the right in question was "clearly established" at the time the defendant acted. Pearson, 555 U.S. at 232. The Third Circuit has stated that "[A] right is clearly established for the purposes of

7

qualified immunity when its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Hubbard v. Taylor, 538 F.3d 229, 236 (3d Cir. 2008). This standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. Id. (quoting Gilles v. Davis, 427 F.3d 197, 203 (3d Cir. 2005)).

Here, with regard to the first prong, because I have concluded that no constitutional violation was committed by the defendants, they are entitled to qualified immunity and dismissal of the constitutional claim against them. I note that I am not required to analyze the second step of the qualified immunity test under Saucier if no constitutional violation occurred. As the Supreme Court stated, "[i]f, and only if, the court finds a violation of a constitutional right," the court moves to the second step of the qualified immunity analysis. Scott v. Harris, 550 U.S. 372, 377 (2007); see also Curley v. Klem, 298 F.3d 271, 277 (2002) ("if the plaintiff fails to allege the violation of a constitutional right, no further inquiry is necessary."); Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002) ("if the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity."); Reedy v. Evanson, 615 F.3d 197, 223-224 (3d Cir. 2010) (quoting Saucier, 533 U.S. at 201) ("if no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.")

In conclusion, while a *pro se* plaintiff should be afforded an opportunity to amend his complaint before the complaint is dismissed with prejudice, I believe granting Mr. Mitchell leave to amend would be futile. Any constitutional claims related to his arrest

8

and ultimate acquittal would fail because the defendants would be entitled to qualified immunity, and an amendment would be futile. Thus, an amended complaint would be a waste of judicial resources and unfair to the defendants. No amendment will be permitted. I will dismiss this case with prejudice.

An appropriate Order follows.